ANNIE KILSBY, Respondent, v. HENRY W. NICHOLS, Appellant, Impleaded with GERTRUDE NICHOLS and Others, Defendants.

Third Department, December 28, 1917.

Ejectment — parol agreement to convey lands not signed by vendor — ratification and confirmation by receipt of and demand for payments thereunder — evidence.

In an action of ejectment it appeared that the plaintiff and her husband, who were tenants by the entirety, entered into a verbal agreement with the defendant to sell a portion of their land to him, a certain amount to be paid on the execution of the contract and the balance in annual installments; that upon a day fixed the plaintiff's husband and the defendant executed the contract and left it with the attorney, with the intention that the plaintiff should later call and sign it, which she never did; that the plaintiff, with knowledge of the terms of the contract, received portions of the purchase price and on several occasions requested the defendant to make further payments and that he made or tendered the payments called for and acted in good faith.

Held, on all the evidence, that the plaintiff should be deemed to have acquiesced in and to have ratified and confirmed the contract, and that upon payment by the defendant of the balance due under the contract, the plaintiff should execute and deliver a warranty deed and discontinue this action.

APPEAL by the defendant, Henry W. Nichols, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 2d day of October, 1916, upon the decision of the court after a trial before the court without a jury.

Charles C. Flaesch, for the appellant.

O'Connor & O'Connor [C. R. O'Connor of counsel], for the respondent.

LYON, J.:

This action is in ejectment. The plaintiff, as surviving tenant by the entirety, is the owner of the record title of the parcel of land in controversy. In January, 1908, the plaintiff and her husband, Mark C. Kilsby, entered into a verbal agreement with the appellant to sell to him upon contract one and eight-tenths acres of land situated in the town of

Unadilla, Otsego county, for the sum of two hundred dollars, of which fifty dollars was to be paid upon the execution of the contract, and twenty-five dollars and interest annually. The parties agreed to meet at an attorney's office in Unadilla February third to execute a written contract. Upon that day the husband and the appellant in accordance with the verbal agreement met and executed the contract which was left with the attorney with the apparent intention that the plaintiff should later call and sign it. This, however, she never did, and the contract remained at the attorney's office up to the time of the trial. Upon the execution of the contract the appellant paid the husband fifty dollars, and in February, 1909, paid him upon the principal and interest thirty-one dollars in work, and three dollars in cash which was handed to the plaintiff. In 1910 the appellant paid the husband in the presence of the plaintiff seven dollars and fifty cents of interest, the payment of the installment of principal then due being waived. The appellant left the interest due in 1911 and 1912, as well as a payment of twenty-five dollars of principal and seven dollars and fifty cents interest in 1913, with the attorney at Unadilla who drew the contract and he handed the three payments to the plaintiff, she signing below the indorsement of the payments, and below the words "leaving principal one hundred dollars," "Mrs. Annie Kilsby. M. C. Kilsby." She explains her signature by saying that the attorney wished her to sign in order to show who got the money. On March 11, 1914, the plaintiff wrote the appellant: "When are you going to make a payment on that place. We need the money to pay our bills with. Mr. Kilsby is sick, and I can't get out to earn anything. I have to stay with him all the time. We must have a payment right away, we have a doctor bill we have got to pay. We know a party that wants to buy the place. If you can't keep up your payments give up the contract and we will sell the place to him. Yours truly, Mrs. Annie Kilsby."

The appellant thereupon gave his note dated February 2, 1914, for thirty-one dollars, payable to Mark Kilsby ninety days after date with interest, at the Unadilla National Bank, where it was left for collection. The note was paid by the appellant, and on May twenty-sixth the plaintiff drew from

the bank the proceeds, thirty-one dollars and fifty-six cents, on a check signed by Mark Kilsby payable to her order and indorsed by her. On September 17, 1914, Mark Kilsby died. On December 21, 1914, the plaintiff wrote the appellant " would like to hear from you regarding what you can do this time on the place. Can you pay what is back on it. * * * Let us hear from you soon so I may know what to do." The appellant answered that he would leave the payment at the office of the attorney at Unadilla and on February 3, 1915, he left a check there for the interest and twenty-five dollars of principal, in all twenty-nine dollars and fifty cents. The plaintiff did not communicate to the appellant any objection to the check being left there but did not get the check, and in April following brought this action to recover possession of the parcel of land with two hundred dollars damages for detention. The appellant in his answer alleged affirmance and ratification of the contract by the plaintiff, and that he was ready and willing to pay the balance of fifty dollars with interest thereon from February 3, 1915, as it became due and receive a conveyance of said land. This was the amount of the balance remaining upon the contract after applying the check for twenty-nine dollars and fifty cents which he left with the attorney at Unadilla as a payment upon the contract.

Upon the trial the court found that the plaintiff was chargeable with eighty-two dollars and six cents, being three interest payments of seven dollars and fifty cents each, the payment of three dollars, one payment of principal of twenty-five dollars, and the payment of thirty-one dollars and fifty-six cents, and that there was unpaid upon the contract one hundred and forty dollars and forty-four cents with interest from September 17, 1914, and directed that in case the appellant tender to the plaintiff, within twenty days after the entry of judgment, said sum with the costs as taxed, the plaintiff be required to deliver to the appellant a deed of the parcel of land pursuant to the terms of the contract, and that in case the appellant fail to tender said amounts within the time specified, the plaintiff recover possession of said parcel of land with sixty-nine dollars damages for withholding possession thereof, and the costs of the action. From the judgment entered thereon defendant Nichols has taken this appeal.

While the plaintiff did not sign the contract, she was a party to the verbal agreement to sell; knew the terms thereof; knowingly received portions of the purchase price; and both before and after the death of her husband requested the appellant to make payments upon the contract. The appellant made or tendered the payments called for under the contract, and seems to have acted throughout in the utmost good faith. In view of the evidence plaintiff should be held to have acquiesced in and to have ratified and confirmed the contract. Under the facts disclosed by the record it would seem to be inequitable to require the appellant to pay a greater sum than the balance remaining unpaid upon the contract.

The judgment should, therefore, be reversed upon the law and the facts, with costs to the appellant to abide the event, unless the plaintiff shall within twenty days after the service upon her attorney of a copy of the order entered hereon, with notice of entry, file a stipulation and serve a copy thereof, with notice of filing, upon appellant's attorney that she will upon demand, and the payment to her of seventy-five dollars with interest thereon from February 3, 1914, being the balance remaining unpaid of the purchase price of the land, execute and deliver to the appellant a warranty deed of said parcel conveying the same free and clear of all liens and incumbrances, in which event an order may be entered settling and discontinuing the action, without costs to either party in any court.

All concurred.

Judgment reversed upon the law and facts and judgment ordered for the defendant dismissing the complaint, with costs, unless the plaintiff shall within twenty days after service upon her attorney of a copy of the order entered hereon, with notice of entry, file a stipulation and serve a copy thereof, with notice of filing, on appellant's attorney, that she will upon demand and the payment to her of seventy-five dollars, with interest thereon from February 3, 1914, being the balance remaining unpaid of the purchase price of the land, execute and deliver to the appellant a warranty deed of said parcel conveying the same free and clear of all liens and incumbrances, in which event an order may be entered settling and

discontinuing the action, without costs to either party in any court. The court disapproves of the finding that the defendant has paid no other sums than those mentioned in the findings; and finds as a fact that other payments had been made, so that the balance remaining due on said contract at the time of the trial was seventy-five dollars, with interest from February 3, 1914.